IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DOLPHUS ATCHISON, III, #229899, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11-CV-993-TMH |
| | ) | [WO] |
| | ) | |
| BRIAN D. CLARK - ATTORNEY AT LAW, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 complaint, Dolphus Atchison, III ["Atchison"], a state inmate, challenges the constitutionality of actions taken by Brian D. Clark, an attorney retained to represent him in a criminal matter before the District Court of Madison County, Alabama.[1] The exhibits filed by the plaintiff demonstrate defendant Clark resides in Huntsville, Alabama, a city in Madison County, Alabama. Madison County is located within the jurisdiction of the United States District Court for the Northern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[2]

### DISCUSSION

A 42 U.S.C. § 1983 civil action "may be brought ... in (1) a judicial district where any

---

[1] The plaintiff also presents pendent state claims related to the alleged unconstitutional actions.

[2] Atchison filed an application for leave to proceed *in forma pauperis*. *Court Doc. No. 2*. However, under the circumstances of this case, the court concludes that assessment and collection of the filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

The named defendant resides in the Northern District of Alabama. The alleged actions made the basis of the complaint occurred within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, the claims asserted by the plaintiff are beyond the venue of this court. However, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.[3]

It is further

ORDERED that on or before December 19, 2011 the parties may file objections to the

---

[3] In transferring this case, no determination is made with respect to the merits of the plaintiff's claims for relief.

2

recommendation. Any objections filed must specifically identify the findings in the Magistrate

Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections

will not be considered by the District Court. The parties are advised that this Recommendation is

not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate

Judge's Recommendation shall bar the party from a de novo determination by the District Court of

issues covered in the Recommendation and shall bar the party from attacking on appeal factual

findings in the Recommendation accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v.*

*Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661

F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former

Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of November, 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

3